```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
      CHARLOTTE DIVISION
        3:13-cv-610-RJC
```

| | |
|---|---|
| DEBORA WHITE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   **ORDER** |
| | ) |
| WELLS FARGO & CO. | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**THIS MATTER** comes before the court on Plaintiff's Complaint, (Doc. 1-1); and Defendant's Motion to Dismiss and Supporting Memorandum (Docs. 2, 3).

## I. BACKGROUND

### A. Procedural Background

On September 24, 2013, Plaintiff Debora White, proceeding *pro se*, filed a complaint in the General Court of Justice, Mecklenburg County Superior Court Division against Defendant Wells Fargo & Co. The complaint alleged several causes of action including: (1) unlawful workplace harassment; (2) workers compensation related fraud; (3) intentional infliction of emotional distress; (4) ADA Disability Violations; (5) breach of contract; (6) retaliatory employment discrimination; and (7) wrongful discharge. (Doc. 1-1 at 4-9).

The case was removed to this Court on November 5, 2013. On November 6, 2013, Defendant filed a Motion to Dismiss under Rule 12(b)(6) for Failure to State A Claim for all claims alleged by Plaintiff. Plaintiff failed to respond to Defendant's Motion to Dismiss by the Court's deadline.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy this Rule 8 requirement, the showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, "do not suffice." Id. Although the Court must consider all well-pled allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

Plaintiff's Complaint alleges no facts other than jurisdictional facts that both she and Wells Fargo are citizens and residents of Mecklenburg County, North Carolina. (Doc. 1-1 at 4). The seven claims Plaintiff brings against Defendant are supported by no factual content. She

provides no dates, states no discrete actions by any agents, officers, or employees of Defendant, and provides no specific examples of harm incurred.  Accordingly, Plaintiff has failed to make, at the least, the basic threshold showing of Rule 8 to make her claims at least "plausible on [their] face."  Twombly, 550 U.S. 544, 555 (2007).

To allege a claim for unlawful work harassment, Plaintiff merely recites excerpts from N.C. Gen. Stat. §§ 95-270 and 95-241.  (Id. at 4-5).  She fails to describe facts or conduct by Defendant that could satisfy an actionable theory for harassment.  The other six claims were brought in the same manner, without any factual support whatsoever.

The Supreme Court explained that the pleading standard should, at a minimum, accomplish two goals: (1) provide a solid basis for the plaintiff's allegations; and, (2) put the defendant on notice, effectively allowing them a fair opportunity to defend themselves.  See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555.  If the Court tolerated a less strict standard, and allowed *pro se* litigants to assert a claim by simply stating legal conclusions, without supporting facts to support their argument, this would be in direct contrast  to the Supreme Court's aim in putting the defendant on notice.

Where such basic factual specificity is lacking, courts in the Fourth Circuit have dismissed employment discrimination complaints on a 12(b)(6) motion.  Defendant cites Fair v. Gaston County Family YMCA, to prove this point.  (Doc. 3 at 4).  Case No. 3:11cv524, 2012 WL 3019931 at *3 (W.D.N.C. Jun. 12, 2012).  The Court in this case held that conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under 12(b)(6).  Id.  In the instant  case, Plaintiff has pled with far less factual detail than in Gaston Country Family YMCA, failing to even allege that she was employed by Defendant, and accordingly, the Court will dismiss the Plaintiff's Complaint for

failure to state a claim upon which relief can be granted.

IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. 2), is **GRANTED**; and

2. The Clerk of Court is directed to close this case.

Robert J. Conrad, Jr.
United States District Judge